AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

<table>
<tr><td>United States of America<br>v.<br><br>JUMANA NAGARWALA<br><i>Defendant</i></td><td>)<br>)<br>)<br>)<br>)</td><td>Case No.  17-30182</td></tr>
</table>

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 09/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☐ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

AO 472 (Rev. 09/16) Order of Detention Pending Trial

☑ Significant family or other ties outside the United States

☐ Lack of legal status in the United States

☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant is a board certified emergency room physician who is charged in a federal criminal complaint with Female Genital Mutilation (FGM), Transportation with Intent to Engage in Criminal Sexual Activity and Conspiracy, and Making a False Statement to a Federal Officer. Defendant is 44 years old, married, with two children ages six and eleven living in the marital home, and two older children attending boarding school in Nairobi, Kenya. Defendant is a U.S. born citizen whose parents reside in Maryland, close to where Defendant was born and raised. Defendant's cousins and her husband's family still reside in India. Defendant's husband owns two residential homes in India, one of which is rented for income. Defendant has no criminal history. The complaint charges that Defendant was in telephone communication with two families from Minnesota, both of whom had 7 year old daughters, and arrangements were made to have both mothers bring their daughters to Michigan on February 3, 2017, so that Defendant could perform the procedures in question upon both young girls in a clinic privately owned by an unnamed doctor in Livonia, after hours. The mothers rented a hotel room in Farmington Hills, MI, checked in on February 3, 2017 and checked out the following day. Telephone surveillance confirms the contacts between Defendant and the two mothers. The two minor victims were interviewed and examined by independent medical examiners. One 7 year old girl said they were brought to Detroit for a special "girls" trip. After arriving at the hotel they were told that they would be taken to a doctor for a procedure to get the germs out of their hurting tummies. Both girls independently identified Defendant from an unmarked photo as the doctor who performed the procedures. The girls were laid on an examining table, told to put their knees to their chests with their legs spread apart, that the doctor pinched them in the place where they "pee", that there was blood on the examining table, that they were in pain and could barely walk, and were given pads to put in their underwear. Both girls were told not to talk about what happened at the clinic by Defendant and their parents. One of the girls told an investigator that she left one of her winter gloves at the clinic. The glove, which had the minor victim's name written on it, was retrieved by agents after a search of the clinic. In April each of the two minor victims was examined by an independent medical examiner who found preliminarily that there was evidence of small incisions to the clitorial hood and a small tear to the labia minora of MN-V-2 and that MN-V-1's genitals were abnormal, that her labia minora had been altered or removed, and that her clitoral hood is also abnormal in appearance, and small healing lacerations and scar tissue were observed. The parents of MN-V-2 were interviewed by Minnesota CPS and a federal agent who confirmed that they took their daughters to Michigan to see Defendant for a "cleansing" of extra skin. The Government's investigation has identified several other children in Michigan and out of state who have been victimized by Defendant between 2005 and 2007. Defendant requests a bond with conditions and denies that she ever performed FGM on any child, maintains that she only removed mucous which was placed on a gauze from each girl's clitoris and handed the gauze back to each mother so that they could bury the mucous as part of a religious rite. Pretrial Services interviewed Defendant and concludes that she poses both a risk of flight and a danger to the community and recommends detention. This court has reviewed the statutory factors and concludes that there is clear and convincing evidence that Defendant is a danger to the community based upon the nature of the instant charges, and the strengh of the evidence proferred, and that Defendant, by a preponderance of the evidence, poses a risk of flight. There is no condition or combination of conditions that would assure the safety of the community or Defendant's appearance at trial. Detention is therefore Ordered.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: April 18, 2017      s/Mona K. Majzoub

*Judge's Signature*

Mona K. Majzoub, U.S. Magistrate Judge

*Name and Title*